MARTIN, Circuit Judge,
Dissenting.
I respectfully dissent from the majority’s conclusion that Mr. Rivero’s sentence was substantively reasonable. Mr. Rive-ro’s 30-year sentence is simply too long to be a just sentence for the crime he committed. It is nearly fifteen years more than the sentence the government agreed was appropriate for Mr. Rivero, and ten years more than the top of his Sentencing Guidelines range. I believe that this above-Guidelines sentence is “greater than necessary” when a within-Guidelines sentence would have kept Mr. Rivero, who is fifty-six years old, incarcerated until at least his early seventies. See 18 U.S.C. § 3553(a).
Yet in light of the District Court’s cursory references to the § 3553 factors and correct calculation of the advisory Guidelines range, this major upward variance will not be disturbed under our Court’s precedent.[1] See, e.g., United States v. Overstreet, 713 F.3d 627, 631, 639 (11th Cir.2013) (affirming a 420-month sentence where the advisory Guidelines range was 180-188 months); United States v. Brown, 772 F.3d 1262, 1267-68 (11th Cir.2014) (per curiam) (affirming a 240-month sentence where the advisory Guidelines range was 78-97 months); United States v. Early, 686 F.3d 1219, 1223 (11th Cir.2012) (affirming a 210-month sentence where the advisory Guidelines range was 78-97 months); United States v. Shaw, 560 F.3d 1230, 1239-41 (11th Cir.2009) (affirming a 120-month sentence where the advisory Guidelines range was 30-37 months); United States v. Amedeo, 487 F.3d 823, 827-28, 834 (11th Cir.2007) (affirming a 120-month sentence where the advisory Guidelines range was 37-46 months).
I do not take issue with the principle that district courts have an “institutional advantage” in determining an appropriate sentence. See Shaw, 560 F.3d at 1238 (quotation omitted). But as I have observed in other cases, our deference to this institutional advantage does not seem to be consistently applied. See Early, 686 F.3d at 1223-24 (Martin, J., concurring). Although we have warned that we will only *790 rarely find a sentence substantively unreasonable, United States v. McQueen, 727 F.3d 1144, 1156 (11th Cir.2013), we have found sentences to be unduly lenient, and therefore substantively unreasonable, on a regular basis since the Supreme Court struck down the mandatory application of the Sentencing Guidelines in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Hayes, 762 F.3d 1300, 1310-11 (11th Cir.2014) (holding that a sentence of three-years probation was substantively unreasonable); McQueen, 727 F.3d at 1156-61 (holding that sentences that were substantially below the advisory Guidelines range were substantively unreasonable); United States v. Kuhlman, 711 F.3d 1321, 1328-29 (11th Cir.2013) (holding that a sentence of probation was substantively unreasonable because “[w]e [were] hard-pressed to see how a non-custodial sentence servefd] the goal of general deterrence”); United States v. Jayyousi, 657 F.3d 1085, 1116 (11th Cir.2011) (holding that a 208-month sentence, which represented a downward variance of 42%, was substantively unreasonable); United States v. Irey, 612 F.3d 1160, 1222 (11th Cir.2010) (en banc) (holding that a 17.5-year sentence was substantively unreasonable because “nothing less” than the statutory-maximum sentence would serve the purposes. of § 3553); United States v. Livesay, 587 F.3d 1274, 1278-79 (11th Cir.2009) (holding that a sentence of 5-years probation was substantively unreasonable because only a “meaningful period of incarceration” would serve the purposes of § 3553); United States v. Pugh, 515 F.3d 1179, 1192-1204 (11th Cir.2008) (holding that a sentence of 5-years probation was substantively unreasonable); United States v. Martin, 455 F.3d 1227,1238-39 (11th Cir.2006) (holding that a 7-day sentence was substantively unreasonable because it was “shockingly short” and “wildly disproportionate” to the seriousness of the offense); United States v. Crisp, 454 F.3d 1285, 1290-92 (11th Cir.2006) (holding that a sentence of 5-hours imprisonment was substantively unreasonable).
But during the same time period since Booker, I am aware of no published opinion in which we have held that an above-Guidelines sentence was substantively unreasonable. This has not been for lack of opportunity.[2] See Overstreet, 713 F.3d at *791 639-40 (collecting cases in which we have affirmed major upward variances).
Our clear Circuit precedent requires that significant deviations from the advisory Guidelines be supported by compelling justifications. Irey, 612 F.3d at 1186-87 (citing Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). By any measure, Mr. Rivero’s 30-year sentence is “unusually harsh” and therefore demands a “significant justification.” Gall, 552 U.S. at 46, 50, 128 S.Ct. at 594, 597. The few words spoken by the District Court to justify the harsh sentence here would surely not be sufficient to protect an exceedingly lenient sentence in this Circuit — no matter how well chosen were those words.
The District Court justified its decision to nearly double the sentence recommended by the government solely by referencing Mr. Rivero’s criminal history. Sentencing Tr. 21, Jan. 9, 2014, ECF No. 89 (“The Court will impose a sentence above the otherwise applicable advisory Guideline range as it insufficiently represents his criminal history.”). I find this explanation lacking: First, as the government pointed out in its sentencing memorandum to the District Judge, Mr. Rivero’s prior convictions were already factored into his Guidelines range because he was designated a Career Offender. Cf. Martin, 455 F.3d at 1239 (vacating a sentence for being unreasonably lenient and stating “[wjhile the district court emphasized [the defendant’s] lack of a criminal record and viewed his fraudulent conduct as an aberration in his otherwise outstanding life, [the defendant’s] criminal history category of I already takes into account his lack of a criminal record.” (quotation marks omitted)).
Second, while I certainly recognize that Mr. Rivero’s criminal history is lengthy, the vast majority of his convictions were for controlled substance offenses. In this regard, his background is qualitatively different from other defendants for whom we have upheld above-Guidelines sentences on the basis of their long history of violent crimes. See, e.g., Early, 686 F.3d at 1221, 1223 (affirming an upward variance based in part on prior criminal conduct where defendant’s criminal history included convictions for “attempted aggravated battery, aggravated assault, battery on a law enforcement officer, kidnapping ... armed burglary of a dwelling (with a shotgun when the residents were home), [and] armed robbery (while holding a hostage at gunpoint)”); United States v. Turner, 626 F.3d 566, 574 (11th Cir.2010) (affirming an upward variance because the defendant “pose[d] a more dangerous threat to society than many child pornography defendants given his history of actually abusing a small child and the increased recidivism of child sexual abusers.”).
Third, the District Court appears to have placed almost no weight on the nature and circumstances of the crime for which Mr. Rivero was being sentenced — a factor we have repeatedly emphasized as being of critical importance. See, e.g., McQueen, 727 F.3d at 1157 (vacating sentence as substantively unreasonable and stating that the defendants were convicted of “a particularly serious offense”); Irey, 612 F.3d at 1206 (vacating sentence as unreasonably lenient and stating that “[b]ecause the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be”).
In this case, law enforcement officers first observed Mr. Rivero engaged in a hand-to-hand narcotics transaction and *792 then found narcotics and an unloaded handgun in his house. While this is no doubt a serious offense, the District Court failed to identify any aspects of this crime that make it deserving of a sentence that is a decade longdr than the maximum sentence prescribed by the Sentencing Guidelines. Simply put, this is an extraordinary sentence for what seems to be an ordinary crime.
I cannot join the majority’s approval of the District Court’s unreasonable upward variance. I respectfully dissent.

. Although the District Court stated that Mr. Rivero "falls” on all of the § 3553 factors, there was no discussion at the sentencing hearing about the nature of the offense for which Mr. Rivero was sentenced. In addition, in addressing Mr. Rivero’s characteristics, the District Court described only Mr. Rivero’s prior criminal history and the fact that he entered the United States illegally around the time of the Mariel Boatlift.

. Our Court’s refusal to subject above-Guidelines sentences to meaningful review also makes us an outlier among the circuits. See, e.g., United States v. Howard, 773 F.3d 519, 522, 536 (4th Cir.2014) (holding that a sentence of life imprisonment plus 60 months was "greater than necessary” (quoting § 3553(a))); United States v. Payton, 754 F.3d 375, 376-77 (6th Cir.2014) (holding that an above-Guidelines sentence of 45-years imprisonment was substantively unreasonable); United States v. Chandler, 732 F.3d 434, 440 (5th Cir.2013) (holding that an above-Guidelines sentence of 420-months imprisonment was substantively unreasonable); United States v. Gerezano-Rosales, 692 F.3d 393, 402 (5th Cir.2012) (holding that an above-Guidelines sentence of 108-months imprisonment was substantively unreasonable); United States v. Lente, 647 F.3d 1021, 1033, 1038 (10th Cir.2011) (vacating an above-Guidelines sentence of 192-months imprisonment and stating that "the district court’s failure to address this significant, material, and non-frivolous argument prevents us from conducting meaningful appellate review of the substantive reasonableness of the sentence”); United States v. Dorvee, 616 F.3d 174, 176 (2d Cir.2010) (holding that a statutory maximum sentence of 240-months imprisonment was substantively unreasonable); United States v. Miller, 594 F.3d 172, 175 (3d Cir.2010) (holding that a condition of supervised release was overly restrictive and therefore substantively unreasonable); United States v. Russell, 600 F.3d 631, 638 (D.C.Cir.2010) (holding that a condition of supervised release was overly restrictive and therefore substantively unreasonable); United States v. Amezcua-Vasquez, 567 F.3d 1050, 1056-58 (9th Cir.2009) (holding that a within-Guidelines sentence of 52- *791 months imprisonment was substantively unreasonable).