EMILIO M. GARZA, Circuit Judge:
Jose Ramon Gerezano-Rosales (“Gerezano”) appeals his non-Guidelines sentence of 108 months of imprisonment for illegal reentry. We VACATE Gerezano’s sentence and REMAND for resentencing.
I
Gerezano pleaded guilty to an indictment charging him with illegal reentry. See 8 U.S.C. §§ 1326(a) & (b). . The presentence report (“PSR”) calculated an advisory Guidelines range of imprisonment of 57-71 months. At sentencing, the district court adopted the PSR’s calculation of the Guidelines range. After giving Gerezano the opportunity to allocute, the district court orally sentenced Gerezano to 71 months, finding that the “advisory guidelines are adequate and that a fair and reasonable sentence can be achieved with a sentence selected from within the advisory range.”
However, after the district court orally sentenced Gerezano, it apparently discovered for the first time that Gerezano could understand English. Gerezano’s knowledge of English caused the court to question the veracity of some of the mitigating statements Gerezano had made during his allocution. As the district court proceeded to admonish Gerezano regarding the terms of his eventual supervised release, Gerezano interrupted the court and questioned the length of his sentence. The following colloquy ensued:
THE COURT: Stop. I don’t want to hear anymore from you. I have already sentenced you. Do you understand that you are not to—
MR. GEREZANO: Why are you giving me so much time?
THE COURT: Because I think that is appropriate in your ease, Mr. Gerezano.
MR. GEREZANO: No.
THE COURT: I think you are [a] liar. I think you have a horrible attitude. I don’t think you have any business being in the United States period. You come in to do nothing but commit crimes, serious crimes.
MR. GEREZANO: I haven’t done—
THE COURT: That’s what your criminal history. Would you like for me? You don’t like your sentence, I take it? Okay. Well, I’m going to change it; but I am going to find that the guidelines are not adequate; that since I have sentenced you the circumstances have changed based on your attitude, your lack of respect, your demeanor and your failure to—
MR. GEREZANO: I’m sorry.
THE COURT: —understand the laws of the United States.
MR. GEREZANO: I’m not disrespecting.
THE COURT: You are. I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you. That is changed circumstances. Because of that I find that the guidelines are no longer adequate. So your sentence instead of 71 months will now be 108 months. Would you like to keep working up?
MR. GEREZANO: No.
THE COURT: Then I suggest you learn to be respectful.
The district court’s statement of reasons provided that it imposed a sentence above the Guidelines range in order to promote respect for the law and to afford adequate deterrence to criminal conduct. See 18 *397 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B). This appeal followed.
II
On appeal, Gerezano claims that the district court lacked jurisdiction to “re-sentence” him to 108 months in prison after initially sentencing him to a 71-month term of imprisonment. He also asserts that the district court’s initial 71-month sentence was substantively unreasonable. Lastly, Gerezano contends that even if the district court had jurisdiction to “re-sentence” him after announcing the initial sentence, the non-Guidelines, 108-month sentence was procedurally and substantively unreasonable.[1]
A
Gerezano claims that the district court lacked jurisdiction to modify his sentence during the sentencing hearing from 71 months to 108 months. He contends that the district court’s initial oral formulation of his sentence was a binding sentence, which the district court could only modify under the limited circumstances enumerated in 18 U.S.C. § 3582(c), which lists the exclusive situations under which a sentencing court can modify a term of imprisonment once it has been imposed. Because the district court did not increase its initial formulation of Gerezano’s sentence for any of the grounds contained in § 3582(c), Gerezano asserts that the district court lacked jurisdiction to modify his sentence. We review whether the district court had jurisdiction to impose the 108-month sentence de novo. See United States v. Meza, 620 F.3d 505, 507 (5th Cir.2010).
In Meza, we declined to hold that a district court’s initial oral formulation of a sentence “instantaneously strips the district court of its jurisdiction” to change the initially announced sentence. 620 F.3d at 508 (declining to adopt a “draconian rule” whereby a “district court’s initial formulation of the sentence is the type which instantaneously strips the district court of its jurisdiction to sentence criminal defendants and immediately vests such jurisdiction with this court”). As in Meza, we conclude that the district court’s initial oral announcement of Gerezano’s sentence did not constitute a binding sentence and therefore did not strip the court of jurisdiction to change its initial formulation. Although the district court did not change Gerezano’s sentence upon a request by one of the parties to alter its initial formulation, cf., id., the court changed its initial formulation before it adjourned the sentencing hearing. Thus, there was “no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished.” Id. at 509. Accordingly, the district court did not lack jurisdiction to impose the 108-month sentence.
B
Gerezano also challenges the reasonableness of his sentence. First, he contends that the initial 71-month sentence was substantively unreasonable. Second, Gerezano asserts that the district court’s decision to raise his sentence to 108 months was procedurally and substantively unreasonable.
We review a challenged sentence for reasonableness under a two-part test. United States v. Rhine, 637 F.3d 525, 527 (5th Cir.2011). First, we review a sen *398 tence to ensure that the sentencing court did not commit a significant procedural error, “such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.” Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
Second, we determine whether the challenged sentence was substantively unreasonable by considering “the totality of the circumstances, including the extent of any variance from the Guidelines range.” Rhine, 637 F.3d at 528 (quoting Gall, 552 U.S. at 51, 128 S.Ct. 586).
Gerezano claims that the initial 71-month sentence was substantively unreasonable because the district court placed significant weight on an improper factor— ie., his arrests for conduct that did not lead to convictions.
Gerezano contends that he preserved error on his challenge to the reasonableness of his 71-month sentence by asking the district court why it had “given him so much time” and disagreeing with the court that the sentence was appropriate in his case. However, even if (1) Gerezano’s statements sufficiently raised his claim of substantive sentencing error to allow the district court to correct itself, see United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir.2009), and (2) it were possible for Gerezano to perfect an appeal from the district court’s initial formulation of his sentence, the court did not abuse its discretion when setting the initial sentence.
When the district court announced its initial formulation of Gerezano’s sentence, it explicitly stated that it was “not taking into account all of the uncharged conduct,” noting that if it had considered the uncharged conduct, “this man would be looking at a lot more time in prison.” Accordingly, the district court could not have abused its discretion by considering uncharged conduct when it announced the 71-month sentence because the court did not consider such conduct when formulating Gerezano’s sentence.
C
Gerezano also claims that his 108-month, non-Guidelines sentence was procedurally and substantively unreasonable. First, Gerezano contends that his non-Guidelines sentence was procedurally unreasonable. He asserts that the district court raised the sentence from 71 to 108 months based on an erroneous finding that he had disrespected the court after it announced the initial Guidelines sentence. Second, Gerezano claims that the non-Guidelines sentence was substantively unreasonable. He contends that the district court failed to state a specific reason for ordering a non-Guidelines sentence that was different than its prior reasons for setting a Guidelines sentence of 71 months. He also maintains that the district court had no legal basis to impose the 108-month sentence because the comments he made after the initial sentence was announced did not justify increasing his sentence.
1
Gerezano asserts that we should review his challenges to the reasonableness of the 108-month sentence under an abuse of discretion standard, even though he did not object to the sentence in the district court. He contends that objecting to the 108-month sentence would have been futile given the district court’s reaction when he *399 objected to his initial sentence. In particular, Gerezano asserts that objecting to the 108-month sentence would have been “suicidal” because, after he objected to his initial sentence, the court raised his sentence and asked him if he “Would like to keep working up.”
“Generally, if a party fails to timely raise an issue in district court, we will review it for plain error unless the party made its position clear to the district court and to have objected would have been futile.” United States v. Castillo, 430 F.3d 230, 242 (5th Cir.2005) (citation omitted). In other words, under certain circumstances a party can preserve sentencing error without a formal objection if (1) “[t]he essential substance of the objection is obvious and was made known to the district court” and (2) the “context of the [informal] objection and ruling” suggests that “counsel was entitled to believe that further explanation would not be welcomed or entertained by the district court.” United States v. Mendiola, 42 F.3d 259, 261 n. 2 (5th Cir.1994); see also Fed.R.CrimP. 51 (“If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.”).
Under these circumstances we determine Gerezano has established that (1) he clearly communicated to the district court the essential substance of his challenges to the procedural and substantive reasonableness of his sentence and (2) to have objected would have been futile. See Castillo, 430 F.3d at 243 (describing district court behavior creating “unique circumstances” that excused the necessity of formal error preservation).
First, Gerezano’s statements at sentencing made the essential substance of his objections obvious to the district court. After the district court initially announced a sentence of 71 months, Gerezano asked the court why it had given him so much time and disputed the court’s determination that the 71-month sentence was appropriate. When the district court subsequently stated that it was changing Gerezano’s sentence based on his attitude, lack of respect, demeanor, and failure to understand the laws of the United States, Gerezano said, “I’m sorry” and “I’m not disrespecting.”
Taken together, Gerezano’s comments informed the district court of the essential substance of his objections to the reasonableness of his sentence. Gerezano directly disputed the district court’s finding that he had been disrespectful to the court, thereby generally informing the court of his challenge to the procedural reasonableness of his sentence. Further, although Gerezano did not question the substantive reasonableness of the 108-month sentence after it was announced, we conclude that his prior comments challenging (a) the length of his initial sentence and (b) the district court’s basis for raising the initial sentence were sufficient to preserve his challenge to the substantive reasonableness of the 108-month sentence. As discussed below, Gerezano could have reasonably believed that the district court would have raised his sentence again if he had objected to the 108-month sentence. Given these circumstances, we conclude that Gerezano’s comments questioning his initial sentence and the court’s finding that he had been disrespectful communicated the essential substance of his objections to the district court.
Second, the comments made by the district court when it raised Gerezano’s sentence to 108 months entitled Gerezano and his counsel to believe that a formal objection (1) would have been futile and (2) would have potentially caused the court to further increase the sentence. After Gere *400 zano challenged the length of his initial sentence and disputed the district court’s statement that he had been disrespectful, the district court changed Gerezano’s sentence from 71 to 108 months and asked Gerezano, “Would you like to keep working up[.]” When Gerezano said no, the court responded, “Then I suggest you learn to be respectful.” The clear implication of the district court’s statement was that the district court would raise Gerezano’s sentence if he persisted in questioning it. Thus, Gerezano could have reasonably interpreted the district court’s question asking him whether he would “like to keep working up” as a threat to increase his sentence if he objected to it. Accordingly, under these circumstances we conclude that Gerezano preserved error on his challenges to the reasonableness of his 108-month sentence, even though Gerezano did not formally object to his 108-month sentence or fully articulate the basis of his objections. See United States v. Bernal, 814 F.2d 175, 182-83 (5th Cir.1987) (holding that a defendant’s objection to a jury charge was adequate when the district court cut short the defendant’s objection and the “defendant was not afforded the opportunity to explain his objection fully”). Thus, we will review Gerezano’s non-Guidelines sentence for reasonableness under an abuse of discretion standard. Mondragov-Santiago, 564 F.3d at 360.
2
Gerezano contends that the district court committed procedural error by imposing the 108-month, non-Guidelines sentence based on a clearly erroneous fact — ie., that Gerezano was being disrespectful when he questioned the appropriateness of the originally imposed 71-month sentence. In assessing whether a district court committed procedural error by selecting a sentence based on a clearly erroneous fact, “[a]ppellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant.” United States v. Key, 599 F.3d 469, 473 (5th Cir.2010) (citation omitted). After the district court initially announced the 71-month sentence, Gerezano appears to have interrupted the court multiple times, questioned the length of his sentence, and challenged the district court’s assessment of his criminal history and attitude. Given the difficulty of assessing tone and demeanor from a cold transcript, we defer to the district court’s finding that Gerezano was disrespectful to the court after it initially announced a 71-month sentence. See id.
3
Lastly, Gerezano asserts that his non-Guidelines sentence was substantively unreasonable. He maintains that the district court failed to state a specific reason for ordering a non-Guidelines sentence that was different than its prior reasons for setting a Guidelines sentence of 71 months. He further contends that there was no legal basis to support the non-Guidelines sentence because the comments he made after the district court announced the 71-month sentence did not justify a variance from the Guidelines.
“In reviewing a non-[G]uidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range,” id. at 475 (citation omitted), to determine “whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence.” United States v. Smith, 440 F.3d 704, 707 (5th Cir.2006) (citations omitted). “A non-[G]uideline[s] sentence unreasonably *401 fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.” United States v. Broussard, 669 F.3d 537, 551 (5th Cir.2012) (quoting Smith, 440 F.3d at 708). In making this determination, we must “give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.” Gall, 552 U.S. at 51, 128 S.Ct. 586.
The Government asserts that the district court’s statement of reasons establishes that the court varied from the Guidelines due to Gerezano’s disrespect for the laws of the United States and the need to deter future criminal conduct — findings which are supported by the record and have a statutory basis in § 3553(a). However, we conclude that the 108-month, non-Guidelines sentence unreasonably fails to reflect the § 3553(a) sentencing factors because the sentence represents a clear error in judgment in balancing the sentencing factors. Specifically, although we acknowledge the district court reasonably found that Gerezano had disrespected the court, we hold that it was unreasonable for the district court to impose a three-year variance from the Guidelines primarily based on that disrespect, especially since the court had previously announced a sentence within the Guidelines.
The district court’s statements at sentencing reveal that it primarily imposed the non-Guidelines sentence because it found that Gerezano’s reaction to the initial sentence was disrespectful. See Broussard, 669 F.3d at 551-52 (examining statements made by district court at sentencing to determine its reasons for imposing the defendant’s sentence). For instance, when the court stated that it would increase Gerezano’s sentence, it said: “I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you .... Because of that I find that the guidelines are no longer adequate.” The district court then stated that Gerezano’s disrespect justified increasing his sentence from 71 to 108 months and asked, “Would you like to keep working up?” When Gerezano said no, the court replied, “Then I suggest you learn to be respectful.” Further, the district court initially found that a Guidelines sentence would be adequate and formally announced a Guidelines sentence — facts which support our conclusion that the court imposed a non-Guidelines sentence based on Gerezano’s reaction to his initial sentence.
By equating itself with the “law of the United States,” the district court appears to have intended to set a non-Guidelines sentence in order “to promote respect for the law” under 18 U.S.C. § 3553(a)(2)(A). We take no position regarding whether a district court’s duty to impose a sentence based, in part, on the need “to promote respect for the law” under § 3553(a) allows a district court to consider statements made by a defendant at sentencing that are disrespectful to the court itself. However, even if district courts can consider such statements when assessing the need for a sentence to promote respect for the law, the district court’s decision to impose a three-year variance based on Gerezano’s disrespect constituted a clear error in judgment in balancing the sentencing factors. Id. at 551; see United States v. Goldsmith, 192 Fed.Appx. 261, 268 (5th Cir.2006) (unpublished) (holding that “in the light of the reasoning stated by the *402 district court and the record” that the district court’s sentence “can only be explained as a ‘clear error of judgment in balancing the sentencing factors’ ”) (citation omitted).
Specifically, after the district court announced the initial sentence, Gerezano (1) interrupted the court to ask why it had given him so much time, (2) disputed the district court’s determination that his sentence was appropriate by saying “no”, and (3) attempted to dispute the district court’s assessment of his criminal history by saying “I haven’t done — .” Based on this record, no matter how insolently Gerezano delivered his retorts to the district court, his statements could not have reasonably justified a variance of three years above the Guidelines range, especially since the court had previously found that a Guidelines sentence was otherwise appropriate. See Gall, 552 U.S. at 47, 128 S.Ct. 586 (“In reviewing the reasonableness of a sentence outside the Guidelines range, [we] may ... take the degree of variance into account and consider the extent of a deviation from the Guidelines.”); Broussard, 669 F.3d at 551 (same).
Given the context of the entire sentencing hearing, particularly the district court’s implicit threat to raise Gerezano’s sentence if he questioned the non-Guidelines sentence, we conclude that the 108-month, non-Guidelines sentence was substantively unreasonable because it constituted a clear error in judgment in balancing the sentencing factors under the totality of the circumstances. Broussard, 669 F.3d at 551; Goldsmith, 192 Fed.Appx. at 268.[2]
III
We VACATE Gerezano’s sentence and REMAND for resentencing.

. Because of our resolution of Gerezano's challenge to the reasonableness of his sentence, we need not address his separate argument challenging his sentence under the Due Process Clause.

. Gerezano’s argument that the enhanced penalties under 8 U.S.C. § 1326(b) are elements of the offense that must be proved to a jury beyond a reasonable doubt is, as he concedes, foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007).