# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

Lyle W. Cayce
Clerk

No. 12-50710
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO DE LA CRUZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1928-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eduardo De La Cruz-Rodriguez (De La Cruz) appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. The district court sentenced De La Cruz to 35 months of imprisonment on each count, to run consecutively, for a total of 70 months and a three-year term of supervised release on each count, to be served concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50710

De La Cruz argues that his sentence is procedurally unreasonable because it is based on a clearly erroneous finding that he lied either to the district court or to the probation officer about his employment status between 2008 and the time of his arrest. We reject his argument that he preserved this issue for appeal. *Cf. United States v. Gerezano-Rosales*, 692 F.3d 393, 399 (5th Cir. 2012)(describing circumstances where objection would be futile)[1]. Accordingly, we review De La Cruz's argument for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

Our review of the record as a whole shows that the district court's finding is plausible and, thus, not clearly erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because there is no clearly erroneous fact, De La Cruz cannot show that the district court clearly or obviously procedurally erred by basing the sentence on a clearly erroneous fact.[2] *See Puckett*, 556 U.S. at 135. Moreover, nothing in the context of the sentencing record or in the district court's statements of its reasons for the sentence indicates that the district court selected the sentenced imposed based on its belief that De La Cruz lied.

AFFIRMED.

---

[1] Unlike the situation in that case, here the district judge did not imply that raising an objection would result in a lengthier sentence.

[2] Also as a result, the standard of review is not outcome-determinative here.