# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

No. 14-11017
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JAMES M. MCCONATHY,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:14-CR-94-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James McConathy appeals the 60-month above-guidelines sentence imposed for his conviction of money laundering.  He claims that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in applying the two-level enhancement under U.S. Sentencing Guidelines § 3B1.3 for abuse of a position of trust.  He contends that the court did not employ the proper legal standard in applying the enhancement and that, if it had applied the proper one, McConathy would not have received the enhancement.  Specifically, he maintains that a licensed oil and gas operator does not hold a position of trust and does not have an intimate relationship with the victim.  He further urges that there was no evidence that he provided sufficient indicia of his position or that use of that position significantly facilitated the offense.

The notion urged by McConathy on appeal—that an individual licensed as an oil and gas operator does not hold a position of trust—was "preserved by specific objection in the trial court," so review is for clear error.  *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).  But McConathy's objections did not sufficiently apprise the court of his challenges to the enhancement based on a lack of evidence and incorrect legal standard.  *See United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995).  Therefore, those issues are subject to plain-error review.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012).

Under § 3B1.3, an enhancement is appropriate if the defendant (1) occupied a position of trust and (2) abused it in a manner that significantly facilitated the commission or concealment of the offense.  § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009).  The adjustment applies where "the defendant provides sufficient indicia to the victim that the defendant legitimately holds a position of private or public trust when, in fact, the defendant does not."  § 3B1.3, comment. (n.3).

McConathy's assertion that the court did not employ the correct legal standard is not supported by the record, which shows that the court found that

No. 14-11017

McConathy had provided sufficient indicia, to the victim, that he held a position of trust that he used to facilitate significantly the commission of the offense. McConathy sought from his victim an investment and subsequently convinced him to provide money for a partnership in a lease in which the victim was never an owner. McConathy periodically sent small payments to the investor, falsely representing the money as a return on the investment. He had unfettered discretion over the funds and used them to continue his fraudulent scheme.

Because the district court relied on information in the PSR that McConathy misrepresented himself to the victim as a licensed oil and gas operator and that the investor would not have invested but for the misrepresentation, as well as McConathy's own admission that he misrepresented himself, the court did not commit clear or obvious error in finding that McConathy had provided sufficient indicia that he legitimately held a position of trust that significantly facilitated the offense. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Accordingly, the enhancement was properly applied. *See United States v. Sudeen*, 434 F.3d 384, 386-87 (5th Cir. 2005); *United States v. Reeves*, 255 F.3d 208, 212 (5th Cir. 2001).

Challenging the substantive reasonableness of the sentence, McConathy avers that the court failed adequately to consider his health and need for medical supervision. McConathy objected to the substantive reasonableness and filed objections challenging an upward departure or variance and a motion for a downward departure or variance. Therefore, he preserved this issue.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States*

No. 14-11017

*v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted). The district court considered McConathy's mitigating facts but concluded that an above-guidelines sentence was warranted in light of other factors set forth in § 3553(a). Under the totality of the circumstances, including the significant deference to the court's consideration of the § 3553(a) factors and its reasons for the sentence, McConathy fails to show substantive unreasonableness. *See Gerezano-Rosales*, 692 F.3d at 400–01.

The judgment of sentence is AFFIRMED.