# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

Lyle W. Cayce
Clerk

No. 14-50489
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN DALE BERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-555-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

John Dale Berry appeals the 60-month sentence imposed following his guilty plea conviction for theft of government funds. He argues that this above-guidelines sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance from the guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the relevant factors."  *Id.* at 401 (quoting *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012)).  Where—as here—the district court "properly calculated the applicable Guideline range and carefully articulated permissible reasons for its variance," its sentence "must be given great deference."  *United States v. Smith*, 440 F.3d 704, 710 (5th Cir. 2006).

The record establishes that the district court considered Berry's arguments for a lighter sentence but concluded that an above-guidelines sentence was warranted under § 3553(a) to provide just punishment, promote respect for the law, deter future thefts, and protect the public.  The district court justified its upward variance with factors including Berry's prior theft offenses, lack of remorse, and failure to reimburse prior victims, as well as the thirty-year period over which he unlawfully collected his mother's Social Security benefits.  Under the totality of the circumstances, Berry has not shown that the district court imposed a substantively unreasonable sentence. *See id.* at 707–10.

The judgment of the district court is AFFIRMED.