# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2015

Lyle W. Cayce
Clerk

No. 15-50209
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDELARIO TRUJEQUE-NOVELO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-361-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Candelario Trujeque-Novelo appeals his 54-month, above-Guidelines sentence of imprisonment following his guilty plea to illegal reentry into the United States following previous deportation. Trujeque-Novelo argues that that the 54-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, Trujeque-Novelo contends that the district court assigned too

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

much weight to his dated criminal history, failed to consider his avoidance of non-immigration offenses since 1995, and did not adequately consider his age of 65.

We review the district court's non-Guidelines sentence for abuse of discretion under the totality of the circumstances. *See Gall v. United States*, 522 U.S. 38, 51 (2007); *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). The record reflects that the district court properly considered the § 3553(a) factors. The district court acknowledged Trujeque-Novelo's argument that some of his convictions were dated and noted that his age is a factor it usually considers in favor of mitigation. The district court, nevertheless, determined that an upward variance was appropriate to address Trujeque-Novelo's underrepresented criminal history category and "pattern of recidivism." Trujeque-Novelo had 15 prior convictions, including two convictions for aggravated assault with a deadly weapon and seven immigration-related convictions. Two lengthy sentences for prior convictions of illegal reentry following deportation did not deter Trujeque-Novelo from committing the same crime again. Under the totality of the circumstances, the district court did not abuse its discretion in imposing this sentence.

AFFIRMED.