# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10718
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SANCHEZ-PEREZ, also known as Javier Perez Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-29

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Javier Sanchez-Perez was convicted of illegal reentry into the United States following deportation. The district courted imposed an above-Guidelines sentence of 110 months in prison and three years of supervised release. Sanchez-Perez appeals, arguing that his sentence is substantively unreasonable. Specifically, Sanchez-Perez contends that the district court exaggerated the seriousness of his prior conviction for possession of marijuana

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by stating that he was sentenced to six years in prison when, in fact, he was only sentenced to six months in prison.  Sanchez-Perez further claims the district court failed to consider that he grew up in the United States and that he fled back to the United States after his prior deportation to Mexico because his life was threatened by drug traffickers.[1]

We review the district court's non-Guidelines sentence for abuse of discretion under the totality of the circumstances.  *See Gall v. United States*, 522 U.S. 38, 51 (2007); *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).  As to Sanchez-Perez's sentence for his prior possession of marijuana conviction, the district court corrected itself after it mistakenly stated that Sanchez-Perez was sentenced to six years in prison, and its initial misstatement did not affect the sentence.  And as to the district court's weighing of the sentencing factors and the facts of the case, the court determined that an upward variance from the Guidelines was appropriate to address Sanchez Perez's substantial and underrepresented criminal history and his repeated illegal reentries following prior deportations.  Under the totality of the circumstances, the district court did not abuse its discretion in imposing this sentence.

AFFIRMED.

---

[1] In his brief on appeal, Sanchez-Perez also makes a bare assertion that the record did not support the district court's finding that he had previously committed an assault, but he does not provide any basis in law or fact for this contention.  This claim is therefore abandoned. *See, e.g.*, *United States v. Thompson*, 735 F.3d 291, 298 n.17 (5th Cir. 2013) (deeming insufficiently briefed issue abandoned).