# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MENDOZA, also known as La Arana,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-7-6

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Mendoza appeals his conviction and 60-month above-guidelines-range sentence imposed following his guilty plea to conspiracy to transport illegal aliens within the United States.

Mendoza has abandoned his claims that the district court erred in enhancing his sentence based on his leadership role in the conspiracy and the endangerment of the transported aliens because he has failed to brief these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41293

issues.  *See* FED. R. APP. P. 28(a)(8)(A); *United States v. Conlan*, 786 F.3d 380, 394 n.45 (5th Cir. 2015).

Mendoza's argument that his offense level should not have been enhanced based on his being held accountable for transporting at least 81 undocumented aliens is without merit.  There was sufficient reliable uncontroverted evidence in the presentence report to support the district court's determination that Mendoza directed the smuggling operation and that he was responsible for the relevant conduct of the other participants who transported at least 81 aliens under his direction.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).  The district court did not clearly err in making this enhancement.  *Williams*, 610 F.3d at 292.

Because Mendoza did not object in the district court to his above-guideline sentence being unreasonable, review of that claim is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  The district court considered the mitigating arguments of counsel, Mendoza's allocution, the uncontroverted evidence in the PSR demonstrating Mendoza's role in the offense, and the relevant 18 U.S.C. § 3553(a) factors.  There is no indication that the district court failed to consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in balancing the § 3553(a) factors.  *See United States v. Chandler,* 732 F.3d 434, 437 (5th Cir. 2013).  In light of the totality of the circumstances, the extent of the upward variance was justified and was not substantively unreasonable.  *See United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012).  Mendoza has not shown that the district court plainly erred in imposing the 60-month term of imprisonment.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

No. 15-41293

Nor has Mendoza carried his burden of showing that the district court plainly erred in failing to find that the Government breached the plea agreement. *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010). In resolving whether a breach occurred, this court considers whether the Government's conduct was "consistent with the defendant's reasonable understanding of the agreement." *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) (internal quotation marks and citation omitted).

In the plea agreement, the Government agreed to recommend a two-level reduction for acceptance of responsibility and to dismiss the remaining counts in the indictment and superseding indictment. The Government complied with those terms and made no other promises in the plea agreement. Mendoza has not demonstrated that the Government made any other promises regarding his sentence or any guidelines enhancements in the plea agreement. He has not shown that the district court plainly erred in failing to find that the Government breached the plea agreement. *Roberts*, 624 F.3d at 246; *Puckett*, 556 U.S. at 135.

Mendoza's conviction and sentence are AFFIRMED.