# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL LOMAS-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-282-1

Before SMITH, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joel Lomas-Torres appeals the 27-month above-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Lomas-Torres challenges the substantive reasonableness of his sentence, arguing that the sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He contends that the court based the variance on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

old convictions.  He further asserts that the court failed to consider mitigating factors regarding his reason for returning to the United States.

Because Lomas-Torres failed to object to the reasonableness of his sentence, review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).[1]  In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).

When imposing Lomas-Torres's sentence, the district court assessed the facts and provided specific reasons consistent with the § 3553(a) factors to support its determination that a sentence outside of the guidelines range was necessary to achieve the goals of sentencing.  The record establishes that the district court considered Lomas-Torres's mitigating facts but concluded that an above-guidelines sentence was nevertheless warranted in light of other factors set forth in § 3553(a).  Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Lomas-Torres fails to show that the district court erred, plainly or otherwise, in imposing his 27-month above-guidelines sentence.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.

---

[1] Lomas-Torres acknowledges our precedent, but notes that the circuits are divided on this point and therefore wishes to preserve the issue for possible review by the Supreme Court.