# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME IVAN GRIMALDO-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-213-1

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jaime Ivan Grimaldo-Cruz appeals the 24-month above-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Grimaldo-Cruz challenges the substantive reasonableness of his sentence. He contends that the court based its reason for the variance on inaccurate information. Specifically, Grimaldo-Cruz asserts that the record showed he was not deported on two occasions; rather, he was allowed voluntary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure on one occasion and was deported once.  He also disputes the assertion in the Presentence Report (PSR) that he had three illegal entries into the United States.  We need not resolve the question on the standard of review because, as discussed below, Grimaldo-Cruz's argument fails under any standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008).

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 18 U.S.C. 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  Though the PSR stated that Grimaldo-Cruz had illegally entered the United States "at least three times," the PSR did not state that those entries resulted in convictions.  He does not dispute that he was in the country illegally before his voluntary departure.  Grimaldo-Cruz was granted voluntary departure by an immigration judge in November 2011.  He unlawfully reentered in January 2015 and was ordered removed by an immigration judge in March 2015.  In connection with the instant conviction, Grimaldo-Cruz admitted to illegally reentering the United States after his March 2015 deportation.  Thus, Grimaldo-Cruz fails to show that the information regarding the number of his illegal entries is inaccurate. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

Grimaldo-Cruz left this country on two occasions after being placed in deportation proceedings.  Though he was granted voluntary departure on one occasion and was ordered removed on the other occasion, both departures resulted after deportation proceedings commenced.  The court's statement regarding Grimaldo-Cruz's removals indicated that it was concerned with

No. 16-10209

Grimaldo-Cruz continuing to enter the country illegally. In imposing the above-guidelines sentence, the court also expressed concern with Grimaldo-Cruz's membership in a criminal gang. Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Grimaldo-Cruz fails to show that his 24-month sentence is substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.