# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISAIAH EDGER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-95-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Isaiah Edger pled guilty to uttering counterfeit obligations, in violation of 18 U.S.C. § 472, and was sentenced to 48 months of imprisonment, an upward variance from the Guidelines range. On appeal, Edger argues that the sentence imposed is substantively unreasonable. We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and review the substantive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60560

reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-Guidelines sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether" the Section 3553(a) factors support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

In this case, the district court relied on the appropriate Section 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed the advisory Guidelines range; the statutory penalty range; Edger's history and characteristics; and the need for the sentence imposed to reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes by Edger. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We therefore defer to the district court's determination that the Section 3553(a) factors, on the whole, warrant the variance and justify the extent of the upward variance imposed. *See Gall*, 552 U.S. at 49–53; *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

AFFIRMED.