# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-10445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICAHA PAUL SNEED, also known as Micaha "Mike" McGrath,

      Defendant-Appellant.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-180-1

———————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Micaha Paul Sneed appeals the 240-month above-Guidelines sentence imposed in connection with his conviction for one count of wire fraud. Sneed argues that the district court clearly erred in applying the two-level enhancement pursuant to U.S.S.G § 3A1.1(b)(1) based on the vulnerability of victims. Specifically, Sneed challenges the reliability of the Presentence Report (PSR), arguing that the statements regarding one victim's vulnerability

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are conclusory and do not establish reliability. Regarding other vulnerable victims, Sneed asserts that the record does not identify these victims or state why the enhancement was applicable to them.

Pursuant to § 3A1.1(b)(1), a two-level increase applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." § 3A1.1(b)(1). We "review the district court's interpretation of the guidelines de novo," and "a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." *United States v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997) (internal quotation marks and citations omitted).

The information in the PSR and the PSR Addendum concerning the vulnerability of victims and their identities had sufficient indicia of reliability. Therefore, the district court was entitled to rely on the PSR when making sentencing determinations. *See United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). The only evidence submitted by Sneed in connection with his objection to the two-level enhancement did not contradict the information in the PSR regarding the vulnerability of the victims or show that the information was unreliable. *See id.* (stating that defendant has the burden of presenting rebuttal evidence demonstrating that information in the PSR is unreliable). Accordingly, Sneed does not show that the district court clearly erred in applying the enhancement. *See Robinson*, 119 F.3d at 1218.

Moreover, even if the court erred in the application of the enhancement, the error is harmless. In his written objections to the enhancement, Sneed advised the court of the guidelines range without the enhancement. Additionally, the district court imposed the statutory maximum sentence, and the court's statements at sentencing reveal that the sentence imposed was not in any way based on the guidelines range; rather, the sentence was based on

No. 18-10445

the statutory maximum.  Because the court was aware of the guidelines range without the enhancement and because the district court's statements show that the sentence was not based on the guidelines range, any error in imposing the two-level enhancement is harmless.  *See United States v. Ibarra-Luna,* 628 F.3d 712, 714, 716-19 (5th Cir. 2010).

Sneed also challenges the substantive reasonableness of his sentence, arguing that the degree of variance was too great.  Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the 18 U.S.C § 3553(a) factors and the district court's reasons for its sentencing decision, Sneed fails to show that his 240-month statutory maximum sentence is substantively unreasonable.  *See United States v. Gerezano-Rosales,* 692 F.3d 393, 400-01 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.