# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60526
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAWARA K. SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-116-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jawara K. Smith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 60 months of imprisonment, an upward variance from the guidelines range. On appeal, Smith argues that the court's upward variance was substantively unreasonable. We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60526

§ 3553(a) and review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). An above-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 401 (internal quotation marks and citation omitted). This court defers to the district court's determination that the § 3553(a) factors, on the whole, merit an upward variance. *Id.*

In this case, the district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted, and its lengthy, detailed reasons addressed Smith's history and characteristics and the need to reflect the seriousness of the offense, protect the public, promote respect for the law, and provide just punishment. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See id.* at 400. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see id.*, and justify the extent of the upward variance imposed, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Accordingly, the judgment is AFFIRMED.

2