# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-61-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Steven Harris was convicted of providing a prohibited object, marijuana, to an inmate and was sentenced above the guidelines range to 12 months of imprisonment, to be followed by two years of supervised release.  He appeals, challenging the substantive reasonableness of his sentence.  Harris argues that the district court failed to account for mitigating factors and that his sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11309

§ 3553(a).  Harris asserts that the court should have imposed a sentence of probation.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  In articulating its reasons for the sentence imposed, the district court noted that Harris had smuggled in numerous items of contraband over a period of time and that the Guidelines failed to account for this behavior.  The district court's decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a).  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); § 3553(a)(1), (a)(2)(A).

Although the 12-month sentence is twice the six months at the top of the applicable guidelines range, we have upheld much greater variances.  *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010).  Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was not substantively unreasonable.  *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.