# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

Lyle W. Cayce
Clerk

No. 18-60656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE TERRELL THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-19-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Willie Terrell Thomas appeals his 60-month sentence following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). First, he argues that his above-guidelines sentence was substantively unreasonable because the district court erred in balancing the sentencing factors. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 552 U.S. 38, 51 (2007). The district court relied on appropriate 18 U.S.C. § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed Thomas's history and characteristics and the need to deter Thomas from future criminal conduct, to protect the public, to promote respect for the law, and to provide just punishment. *See* § 3553(a); *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Gerezano-Rosales*, 692 F.3d at 401. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see id.*, and justify the extent of the upward variance imposed, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Second, Thomas challenges a special condition of supervised release requiring him to permit a United States Probation Officer to search his "person, property, house, residence, vehicle, papers, electronic communication devices, or office . . . . when reasonable suspicion exists that [he has] violated a condition of [his] supervision and that the areas to be searched contain evidence of this violation." The condition stated further that "[a]ny search must be conducted at a reasonable time and in a reasonable manner." Thomas contends that this condition is not reasonably related to the appropriate § 3553(a) factors or narrowly tailored. The record shows that the district court considered appropriate § 3553(a) factors, including the need to deter criminal behavior and to protect the public. *See* 18 U.S.C. § 3583(d). While the court did not specifically explain its reasons for imposing the challenged special condition, its reasoning for the condition was apparent from the record and the sentencing transcript. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th

No. 18-60656

Cir. 2015). Moreover, the electronic search condition is narrowly tailored because it only allows a search to occur at a reasonable time and in a reasonable manner, and it requires reasonable suspicion that a violation has occurred and that evidence of the violation will be found in the area searched. *See United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016); *see also United States v. Acosta-Navarro*, No. 18-60564, 2019 WL 3058607, at *4 (5th Cir. July 11, 2019) (unpublished).

The judgment of the district court is AFFIRMED.