# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2732

_____

United States of America

*Plaintiff - Appellee*

v.

Franklyn J. DeNoyer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: April 8, 2024
Filed: April 23, 2024
[Unpublished]

_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After serving a 150-month prison sentence for aggravated sexual abuse, *see* 18 U.S.C. §§ 1153, 2241(a)(1), 2246(2), Franklyn DeNoyer for a number of years found

it difficult to abide by the conditions of his supervised release. So the district court[1] revoked DeNoyer's supervised release and sentenced him to three years in prison, which was above the three-to-nine-month sentence that the parties and Guidelines recommended. DeNoyer maintains that in sentencing him the district court "plac[ed] excessive weight on DeNoyer's purported disrespect" toward the court and so the sentence was unreasonable. We affirm.

At the outset of the revocation hearing, the government commended DeNoyer for showing "a little bit less . . . attitude" toward his probation officer and treatment providers compared to his earlier behavior. The court responded, though, that DeNoyer was showing the same old attitude toward the court, which it said was "not a smart thing to do." The hearing proceeded with no other mention of DeNoyer's demeanor until, near the end of the court's explanation of the sentence, it observed that DeNoyer "exhibits in court today a recalcitrant manner, rather bordering on being disrespectful to the Court, which the Court takes a very dim view of, of course. And I think he has been disrespectful to probation officers also, all of whom are trying to help him."

DeNoyer asserts that the record doesn't reflect that he acted disrespectfully, and he faults the court for not explaining why it thought DeNoyer was disrespectful. But the court was under no legal obligation to elaborate on its perceptions. DeNoyer also maintains that, even if he did act disrespectfully, his disrespect could be explained by "psychological impediments" of his, such as his mild mental retardation, expressive language disorder, severe attention deficit hyperactivity disorder, or fetal alcohol effects. DeNoyer did not, however, bring these possible reasons for his behavior to the court's attention or otherwise seek to explain it.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Regardless of whether DeNoyer actually showed the court disrespect or whether any such disrespect could be attributed to psychological impediments, it does not appear that the court gave DeNoyer's attitude much weight, if any, when fixing his sentence. The record reveals that the court was far more concerned about other matters. For example, the court was disturbed by DeNoyer's poor record on supervised release. The district judge began his explanation of DeNoyer's sentence by noting that he had already revoked DeNoyer's supervision three times, which the court said was remarkable given that, in his 27 years as a judge, he couldn't "remember very many cases where somebody has been revoked three or four times."

The court then recounted some of the reasons it had previously revoked DeNoyer's supervision, which included his committing assault, ingesting alcohol and methamphetamine, obstructing law enforcement, and getting expelled from a halfway house, among other things. In short, the court explained that, though DeNoyer "has exhibited some reduction in violence," he had been charged less than a year earlier with public consumption of alcohol, disorderly conduct, burglary, and forcible entry. And, the court noted, DeNoyer has continued to use methamphetamine and alcohol while on supervision and "has engaged in criminal activity while on supervision again and again and again."

In reviewing the nature and circumstances of DeNoyer's underlying offense, the court noted that DeNoyer had raped a woman who had passed out, "put his belt around her mouth, and continued to hit her with his fist to stop her screaming, put her clothes back on, and tied her feet and hands together with her brassiere, put her in the trunk of her vehicle, and closed it." Despite that, the court said, it gave DeNoyer "somewhat of a break" when it sentenced him only to 150 months in prison, which was near the middle of his recommended sentencing range.

Finally, the court observed that, though the Guidelines recommended a sentence of only 3–9 months in prison, that recommendation did "not take into

-3-

account how many times the defendant's supervised release has been revoked," meaning that the recommended sentence would be the same whether this was the first revocation proceeding or the fourth that it was.

The court's remark about DeNoyer's borderline disrespect was sandwiched between the court's discussion of far weightier matters, and contrary to DeNoyer's contention, we do not believe that the court placed "excessive weight" on DeNoyer's attitude, as it does not appear that the court lengthened his sentence at all because of this purported disrespect. *Cf. United States v. Gerezano-Rosales*, 692 F.3d 393, 400–02 (5th Cir. 2012). In fact, a short time after remarking the second time on DeNoyer's attitude, the court declined to sentence him to a longer prison term without additional supervision to follow because it was "still hopeful that he will change his ways and come to his senses." The court's view of DeNoyer's attitude was nothing more than a makeweight, if anything, that made no discernible difference in the sentence it chose, and so we hold that the court did not abuse its discretion.

Affirmed.

_____