# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PEREZ-VITAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-203-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Perez-Vital (Perez) appeals his 30-month, above-guidelines sentence of imprisonment following his guilty plea to illegal reentry into the United States following previous deportation. Perez argues that the 30-month sentence is substantively unreasonable because the district court failed to account for a factor that should have received significant weight and gave significant weight to an irrelevant or improper factor. Specifically, Perez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court erred in basing the upward variance on its determination that a prior 24-month sentence for illegal reentry had not deterred his criminal activity.  He argues the court should not have relied on that sentence because it was based on an eight-level, aggravated felony enhancement pursuant to U.S.S.G. § 2L1.2, which is no longer applicable following *Lopez v. Gonzales,* 549 U.S. 47 (2006).

The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) factors.  *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).  The district court listened to Perez's argument that the prior sentence was improperly calculated, but the court was disturbed by Perez's four illegal reentries and the failure of the previous sentence to deter him.  The district court further noted that Perez had two prior DWI convictions and a conviction for simple possession.  The district court did acknowledge that Perez's criminal history was not "as bad as some people's" and that the possession conviction was dated.  The district court, nevertheless, determined that an upward variance was appropriate based on the nature and circumstances of the offense, the seriousness of the offense, and the need to deter Perez and to protect the public.  The district court did not fail to account for a factor that should have received significant weight and did not assign significant weight to an improper factor or make a clear error in balancing the sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Further, we have upheld much greater upward variances.  *See United States v. Key*, 599 F.3d 469, 475−76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348−50 (5th Cir. 2008).  To the extent Perez argues the district court's reasons for the sentence were insufficient, that argument is without

merit; the court's justification for the sentence imposed was "fact-specific and consistent with the sentencing factors." *Smith,* 440 F.3d at 707.

AFFIRMED.