# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TARREN MINYON SAULS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-210-5

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tarren Minyon Sauls appeals the 30-month above-guidelines sentence imposed in connection with her conviction for possessing and uttering a forged and counterfeit security, aiding and abetting. She argues that the district court committed procedural error by imposing an upward departure under U.S.S.G. § 4A1.3. Sauls's argument that the district court erred in applying an upward departure under § 4A1.3 fails. The district court did not indicate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it was imposing an upward departure.   Because the district court calculated the guidelines range and imposed a sentence outside of that range based on the 18 U.S.C. § 3553(a) factors, Sauls's sentence constitutes a variance rather than a departure. *See United States v. Mejia-Huerta,* 480 F.3d 713, 721 (5th Cir. 2007).

She also contends that the court committed procedural error by failing to adequately explain the reasons for a sentence outside the guidelines range. Although Sauls objected generally to the procedural reasonableness of her sentence, she did not object on this specific ground in the district court; therefore, plain error review applies. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

In deciding to impose a sentence above the guidelines range, the district court cited to several sentencing factors of § 3553(a) and Sauls's criminal history and also noted that Sauls had traveled in Texas and Louisiana to commit fraudulent conduct similar to that in the instant offense.   Even if the district court "might have said more," the record makes clear that the court considered all of "the evidence and arguments," and its statement of reasons for the sentence imposed was "legally sufficient."  *Rita v. United States*, 551 U.S. 338, 358-59 (2007).   Moreover, Sauls fails to show that a more extensive explanation would have resulted in a lesser sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).   Sauls has failed to show plain error in connection with this argument. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Sauls also challenges the substantive reasonableness of her sentence, arguing that the extent of the variance is unwarranted.   In the district court, Sauls argued that a sentence outside the guidelines range was not appropriate and objected to the substantive reasonableness of the sentence, though she did

not discuss the extent of the variance.  We need not resolve the question on the standard of review because, as discussed below, Sauls's argument fails under any standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525-26 & n.1 (5th Cir. 2008).

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  The record establishes that the district court considered Sauls's arguments but concluded that an above-guidelines sentence was nevertheless warranted in light of other factors set forth in § 3553(a).  Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Sauls fails to show that her 30-month sentence is substantively unreasonable.  *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.