# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11147
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE RIOS-DIAZ, also known as Jose Diaz,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-19-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Rios-Diaz appeals the 36-month above-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. He argues that the district court committed procedural error by misinterpreting U.S.S.G. § 4A1.3 and U.S.S.G. § 5K2.0 when applying the upward departure. Rios-Diaz also challenges the substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11147

The district court imposed Rios-Diaz's sentence as a departure under the Guidelines and alternatively as an upward variance based on the sentencing factors of 18 U.S.C. § 3553(a).  Because we may affirm the sentence as a variance, we pretermit Rios-Diaz's claim that the sentence is unreasonable because the district court procedurally erred in departing based on misinterpretations of § 4A1.3 and § 5K2.0.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Though Rios-Diaz contends that the district court's conclusion that an upward variance was warranted under § 3553(a) does not indicate that the sentence would be the same absent the error in upwardly departing, his reliance on *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010), is misplaced.  Contrary to Rios-Diaz's assertion, *Ibarra-Luna* does not provide authority for requiring the Government to show that the district court would have imposed the same sentence but for an alleged § 4A1.3 error.  Rather, *Ibarra-Luna* is concerned with "an incorrect Guidelines calculation."  628 F.3d at 717.  Rios-Diaz did not object to the calculation of the guidelines range in the district court and does not contend on appeal that there was an incorrect calculation of the guidelines range.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  Although Rios-Diaz asserts that the district court gave too much weight to his conviction for failure to identify, the record does not support his argument.  The court noted that Rios-Diaz had been removed from the United States on three occasions and had engaged in

2

No. 16-11147

"some pretty bad conduct." Though the court referenced Rios-Diaz's failure-to-identify conviction, the court also discussed Rios-Diaz's multiple assaults, gang membership, and firearm offense. The district court relied on several appropriate § 3553(a) factors in determining that an upward variance was warranted, including the nature and circumstances of the offense, Rios-Diaz's history and characteristics, the need to promote respect for the law, the need to provide adequate deterrence to further recidivism, and the need to protect the public from further crimes. Thus, the decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Additionally, although the 36-month sentence is 20 months greater than the top of the guidelines range, we have upheld much greater variances. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007).

Finally, Rios-Diaz concedes that his challenge to his sentence under 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), but raises the issue to preserve it for further review. The judgment of the district court is AFFIRMED.