# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD HINSHAW,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-159-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Ronald Hinshaw pleaded guilty to theft of Government funds. The presentence report (PSR) calculated his guidelines range to be 30-37 months in prison. Hinshaw was sentenced to 60 months of imprisonment. The district court stated that Hinshaw's criminal history category substantially underrepresented the likelihood that he would commit other crimes. The district court also found that the factors of 18 U.S.C. § 3553(a) warranted an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10080

upward variance to deter future crimes and to protect the public.  Hinshaw argues that his sentence is unreasonable either as an upward departure under U.S.S.G. § 4A1.3 or as a variance from the sentencing guidelines.

The district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted based on the need to provide adequate deterrence to further recidivism and the need to protect the public from further crimes.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009); *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).  Hinshaw's argument that his criminal history was not sufficient to justify a variance is no more than a disagreement with the district court's decision.  *See Gall*, 552 U.S. at 51. Because Hinshaw's sentence may be affirmed as a variance from the guidelines range, we need not address Hinshaw's procedural arguments regarding the application of § 4A1.3.  *See United States v. Mejia–Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Finally, Hinshaw argues that the district court erred under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by increasing his sentence beyond the recommended guidelines range.  As he concedes, this argument is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.