# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31107
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GIRAY BIYIKLIOGLU, also known as Johnny Bryan,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-202-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:[*]

A jury convicted Giray Biyiklioglu of thirteen counts of wire fraud, six counts of aggravated identity theft, two counts of tax evasion, and nineteen counts of money laundering. Biyiklioglu's offenses arose out of a scheme to defraud PayPal, Inc.,[1] by using 29 different identities to transfer funds between accounts and then dispute those transfers, resulting in credits to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] PayPal is a global payment processor business that allows customers to make payments and send money transfers through the Internet.

accounts.   As a result of that scheme, PayPal suffered a loss of more than $418,000.  The district court sentenced Biyiklioglu to 192 months, the high end of the applicable Guidelines range.

On his first appeal, we vacated Biyiklioglu's conviction for five of the wire fraud counts, one aggravated identity theft count, and the two tax evasion counts and remanded for resentencing.  *See United States v. Biyiklioglu*, 652 F. App'x 274 (5th Cir. 2016).  On remand, the applicable Guidelines range was 132 to 159 months.  The district court again sentenced Biyiklioglu to 192 months.  Proceeding *pro se*, Biyiklioglu now appeals that sentence on two grounds:   (1) whether the district court erred by applying sentencing enhancements under the Guidelines based on (a) number of victims, (b) vulnerability of victims, (c) the production of authentication features, and (d) obstruction of justice; and (2) whether the district court's upward variance was substantively unreasonable.  We AFFIRM.

I

Biyiklioglu argues the district court erred when it enhanced his offense level based on the number of victims, victim vulnerability, the production of an authentication feature, and obstruction of justice.  Where, as here, a claim is properly preserved, this court reviews the district court's interpretation of the Guidelines and Application Notes *de novo*.  *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014).   However, we review a district court's findings of fact and its application of the Guidelines to those findings for clear error only.  *Id.*  "A factual finding is 'not clearly erroneous as long as it is plausible in light of the record read as a whole.'"  *Id.* (quoting *United States v. McMillan*, 600 F.3d 434, 457-58 (5th Cir. 2010)).   "We may affirm an enhancement on any ground supported by the record."  *United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013).  The government bears the burden

of proving the applicability of sentencing enhancements by a preponderance of the evidence. *United States v. Myers*, 772 F.3d 213, 220 (5th Cir. 2014).

The district court enhanced Biyiklioglu's offense level by two levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), which applies when there are more than 10 victims. A "victim" for purposes of § 2B1.1(b)(2)(A)(i) includes "any individual whose means of identification was used unlawfully or without authority." U.S.S.C. § 2B1.1 cmt. 4(E). Based on the evidence that Biyiklioglu used 29 different identities in the course of his fraudulent scheme, the district court found that there were 29 victims. Biyiklioglu argues that many of those identities were based on false identification documents and thus cannot constitute actual victims. He does, however, concede that there were nine actual victims. A preponderance of the evidence shows there were at least two additional victims, James Smith and Ali Bildik. Smith testified at trial that Biyiklioglu used his identity without his authorization to open a PayPal account.[2] With respect to Bildik, according to the PSR, Bildik told government agents that Biyiklioglu lured him into providing his personal information with a false story. Furthermore, the government's evidence at trial showed that Bildik's name was used on one of Biyiklioglu PayPal accounts. Accordingly, the district court's finding that there were more than 10 victims is plausible in light of the record as a whole, and was not clear error.

The district court also enhanced Biyiklioglu's offense level by two levels pursuant to U.S.S.G. § 3A1.1(b)(1), which applies "[i]f the defendant knew or should have known a victim of the offense was a vulnerable victim."

---

[2] Biyiklioglu's reliance on the fact that we previously reversed his conviction for aggravated identify theft with respect to Smith (Count 14) is misplaced because the applicability of sentencing enhancements is determined based on a preponderance of the evidence, rather than proof beyond a reasonable doubt. His reliance on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), is also misplaced. *Flores-Figueroa* concerned the scienter requirement with respect to aggravated identity theft under 18 U.S.C. § 1028A, not the sentencing enhancement under § 2B1.1.

§ 3A1.1(b)(1).  For purposes of this enhancement, a vulnerable victim is one "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. 2.  The district court found that there were at least six victims who were vulnerable due to their status as recent immigrants, poor command of the English language, and unfamiliarity with American banking practices.  While the mere status of being an immigrant is insufficient to establish vulnerability, "poverty, language problems, and fears of deportation" can be sufficient.  *See United States v. Garza,* 429 F.3d 165, 173-74.  A preponderance of the evidence shows that at least one victim, Yaprak Apper, was unusually vulnerable, and that is sufficient to support the application of § 3A1.1.  *See* U.S.S.G. § 3A1.1(b)(1) ("If the defendant knew or should have known that *a* victim of the offense was a vulnerable victim, increase by 2 levels." (emphasis added)).  The record shows that Apper was a Turkish citizen who spoke in broken English and was unfamiliar with certain banking terms.  Furthermore, Biyiklioglu visited Apper daily at her waitressing job, promising to teach her how to buy and sell gold using computers, and convinced Apper to open joint bank accounts on which he was an authorized signer.  Accordingly, the district court did not clearly err.

The district court also enhanced Biyiklioglu's sentence another two levels under U.S.S.G. § 2B1.1(b)(11), which applies when the offense involves "the production or trafficking of any . . . authentication feature." § 2B1.1(b)(11)(B)(ii).  The PSR identified numerous false authentication features created by Biyiklioglu, including features in an altered letter from the Social Security Administration, an altered passport, and an altered driver's license.  The district court found that § 2B1.1(b)(11) applied based on those three items.  Biyiklioglu argues that the government failed to establish

evidence that he created the false documents.   However, his conclusory statements are insufficient to rebut the evidence set forth in the PSR.  *See United States v. Hawkins*, 866 F. 3d 344, 347 (5th Cir. 2017).  A preponderance of the evidence shows that the district court's finding that Biyiklioglu produced an authentication feature is plausible in light of the record as a whole, and is not clear error.

Finally, the district court enhanced Biyiklioglu's offense level by two levels pursuant to U.S.S.G. § 3C1.1 for obstructing justice.  That enhancement applies if the defendant, among other things, provided perjured trial testimony, or if he gave "materially false information to a probation officer with respect to a presentence or other investigation."  § 3C1.1, cmt. 4(B), (H).  The district court found that Biyiklioglu gave perjured trial testimony and that he lied to the probation officer about contact with his father, whom he had directed to withdraw fraud proceeds from a Turkish bank account.  Biyiklioglu has ignored the latter finding and has waived any challenge to it.  *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that even *pro se* appellants must brief arguments to preserve them).  The district court's finding that Biyiklioglu made a materially false statement to a probation officer during the presentence investigation is plausible in light of the record as a whole, and there is no clear error.

## II

Biyiklioglu also argues that his sentence was substantively unreasonable.[3]  We review the substantive reasonableness of a sentence for an

---

[3] The government argues that Biyiklioglu has waived any challenge to the reasonableness of his sentence by failing to adequately brief it on appeal.  However, with the benefit of liberal construction, his brief adequately presses the issue.  As the government concedes, his arguments "can be construed as misapplication of the factors in 18 U.S.C. § 3553(a)."

abuse of discretion. *United States v. Harris*, 740 F.3d 956, 968 (5th Cir. 2014). When examining an upward variance from the guidelines range, we look to whether the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We duly defer to the district court's decision that the § 3553(a) factors, "on a whole, justify the extent of the variance." *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012) (internal quotation marks and citation omitted). Here, the district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed the nature and circumstances of Biyiklioglu's offense, the need to protect the public from further crimes by Biyiklioglu, and the need to deter him. *See* § 3553(a); *Smith*, 440 F.3d at 707. There was no abuse of discretion.

AFFIRMED. Biyiklioglu's motion to file a reply brief out of time is GRANTED.