# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11282
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISAURO GONZALEZ-SOTELO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-36-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Isauro Gonzalez-Sotelo pleaded guilty to illegal reentry into the United States and was sentenced to 24 months of imprisonment, an upward variance from the guidelines range of four to 10 months of imprisonment. On appeal, Gonzalez-Sotelo claims that the court's upward variance was substantively unreasonable. We review sentences, whether imposed inside or outside the Guidelines range, for reasonableness in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11282

light of the sentencing factors set forth in 18 U.S.C. § 3553(a), and we review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). An above-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). We defer to the district court's determination that the § 3553(a) factors, on the whole, merit an upward variance. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

In this case, the district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed the nature and circumstances of Gonzalez-Sotelo's offense, the need to protect the public from further crimes by Gonzalez-Sotelo, and the need to deter him from future criminal activity. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see Brantley*, 537 F.3d at 349, and justify the extent of the upward variance imposed, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Gonzalez-Sotelo's sentence is AFFIRMED.