# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN RIVERA-SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1400-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ivan Rivera-Solis appeals the 60-month above-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. He challenges the substantive reasonableness of his sentence, urging that the district court gave undue significant weight to the seriousness of a prior conviction for criminal sexual conduct. He notes that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40041

prior offense occurred several years ago, was unrelated to the instant offense, and the instant offense of illegal reentry was nonviolent.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted). To the extent Rivera-Solis asks this court to reweigh the sentencing factors, he correctly acknowledges that the issue is foreclosed but nevertheless raises the issue only for possible further review. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

The district court commented on the seriousness of Rivera-Solis's prior offense, but it also noted that Rivera-Solis had been removed from the United States on three previous occasions, but he continued to re-enter the country illegally. The court noted that the age of the prior conviction did not mitigate the court's concern, considering the time Rivera-Solis actually served on the sentence imposed.

The district court also heard Rivera-Solis's assertion that he returned to the country to help his children. Yet the record reflects that the court was not persuaded and that it relied on permissible 18 U.S.C. § 3553(a) factors in determining that an above-guidelines sentence was appropriate. That included the need (1) to promote respect for the law, (2) to provide adequate deterrence, and (3) to protect the public from further crimes. The sentencing court's decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

No. 18-40041

We recognize that the 60-month sentence is 33 months greater than the top of the guidelines range, but we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gall*, 552 U.S. at 50-53. AFFIRMED.