# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN AGUILAR-LOPEZ, also known as Tomas Aguilar-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-62-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Valentin Aguilar-Lopez was convicted of illegal reentry after deportation and was sentenced above the guidelines range to 48 months of imprisonment, to be followed by three years of supervised release. He appeals. Aguilar-Lopez first challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11055

§ 3553(a).  Aguilar-Lopez asserts that the sentence is more than twice the top end of his guidelines range.

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).  In articulating its reasons for the sentence imposed, the district court noted that Aguilar-Lopez had been removed from the United States on four separate occasions and had six prior convictions.  Additionally, the record shows that the court relied on permissible § 3553(a) factors in determining that an above-guidelines sentence was appropriate, including the need to promote respect for the law, the need to provide adequate deterrence, and the need to protect the public from further crimes.  Thus, the decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Although the 48-month sentence is more than twice the 21 months at the top of the applicable guidelines range, we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).  Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

Aguilar-Lopez also contends that his sentence exceeds the statutory maximum punishment for the offense charged in the indictment and that his guilty plea was unknowing and involuntary because he was not instructed on

No. 18-11055

an essential element of the offense.  Regarding the validity of his guilty plea, Aguilar-Lopez contends that the district court failed to advise him that the felony provision of 8 U.S.C. § 1326(b)(1) was an essential element of the offense. As to his sentence, Aguilar-Lopez argues that it exceeds the two-year maximum set forth in § 1326(a) and, thus, violates the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As he correctly concedes, these arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

Accordingly, the district court's judgment is AFFIRMED.