# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2019

Lyle W. Cayce
Clerk

No. 18-40875
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO LOPEZ GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-183-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Arturo Lopez Garcia appeals the 36-month, above-guidelines sentence imposed following his guilty plea conviction of illegal reentry after deportation. He argues that the sentence is substantively unreasonable because the district court gave too much weight to the 18 U.S.C. § 3553(a) sentencing factors of deterrence and protection of the public.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40875

When reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

Here, the district court made an individualized assessment and concluded that the 18-to-24-month guidelines range did not adequately take into account the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 50 (2007). In imposing the above-guidelines sentence, the district court expressly stated that it had considered various § 3553(a) sentencing factors and made specific reference to Lopez Garcia's criminal history, the fact that he reentered the United States less than one year after having been removed, and the fact that he was a registered sex offender. Additionally, in addressing the extent of the variance, the district court noted that this was Lopez Garcia's first illegal reentry conviction, that Lopez Garcia had made some attempts to change his problems with alcoholism, and that it had considered defense counsel's arguments and the materials submitted in mitigation of sentencing.

Lopez Garcia's argument amounts to a disagreement with the district court's weighing of the sentencing factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). He has not shown the district court failed to consider any significant factors, gave undue weight to any improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir.

No. 18-40875

2006). Further, the extent of the variance in this case was within the range of other variances affirmed by this court. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Lopez Garcia's case does not warrant a different result, especially given the significant deference owed to the district court's consideration of the § 3553(a) factors. *See Gall*, 552 U.S. at 51; *Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.