# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DREW AVERY LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-144-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Drew Avery Luna appeals the 60-month above-guidelines term of imprisonment imposed following his guilty plea conviction for possession of a firearm by a convicted felon. He challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50031

It is not necessary to decide whether plain error review applies because Luna's sentence can be affirmed under the ordinary abuse of discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). When reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

The district court made an individualized assessment and concluded that the 30-to-37-month guidelines range did not adequately take into account the § 3553(a) factors. Although Luna asserts that too much weight was given to the circumstances of his offense and his criminal history, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). Luna's arguments amount to a disagreement with the district court's weighing of the sentencing factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Although Luna's 60-month term of imprisonment is 23 months greater than the top of the guidelines range, we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Based on the totality of the circumstances, including the significant deference that is given to the district court's consideration of the

No. 19-50031

§ 3553(a) factors, Luna's sentence is not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.