# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAVORICE DONDRELL CUNNINGHAM,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-168-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Lavorice Dondrell Cunningham challenges the 60-month, above-Guidelines sentence imposed following his guilty plea to one count of escape from custody, in violation of 18 U.S.C. § 751(a) and 18 U.S.C. § 4082(a). He asserts his sentence was substantively unreasonable because it gave significant weight to an event not encompassed by the enumerated sentencing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11621

factors in 18 U.S.C. § 3553: the sentence reduction Cunningham received following amendment of the Sentencing Guidelines on crack cocaine.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, Cunningham challenges only the substantive reasonableness of his sentence; therefore, we review for abuse of discretion. *Gall*, 552 U.S. at 51. In reviewing a sentence that falls outside the Guidelines range, our court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether . . . the sentencing factors in [18 U.S.C. §] 3553(a) support the sentence". *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted).

A sentence outside the Guidelines sentencing range is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* at 401 (internal quotation marks and citation omitted). A sentence is not unreasonable merely because a different one would also have been appropriate; rather, we "must give due deference to the district court's decision that the

2

No. 18-11621

§ 3553(a) factors, on a whole, justify the extent of the variance". *Gall*, 552 U.S. at 51.

Cunningham was sentenced in 2005 to, *inter alia*, 130-months' imprisonment and 36-months of supervised release, following his conviction of possession of a controlled substance, with intent to distribute. Following amendments to the Guidelines, his prison sentence was reduced to 108 months. After violating the conditions of his supervised release on multiple occasions, Cunningham was released from prison and entered a halfway house in March 2017.

Cunningham left the halfway house on 26 June 2017 to go to his approved place of employment. Cunningham never returned to the halfway house and was declared an escapee. Less than one week later, Cunningham allegedly committed theft from a person.

On 8 May 2018, Cunningham fled the scene of a routine traffic stop, striking another vehicle. Cunningham, at first in his vehicle and later on foot, led the police on a nearly 17-mile chase, after which he was arrested. The police then observed a strong odor of marihuana emitting from his vehicle and found a bag of marihuana along the route Cunningham ran. Charges stemming from the incidents of theft and evasion of police are currently pending in Texas state court.

In federal court, Cunningham pleaded guilty to one count of escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a). The probation office prepared a presentence investigation report (PSR), which included a recommended Guidelines range of 12- to 18-months' imprisonment. Neither party objected.

At sentencing, however, the district court varied upward from the Guidelines range, imposing a sentence of, *inter alia*, 60-months' imprisonment.

No. 18-11621

In so doing, the court referenced Cunningham's extensive criminal history, the fact many of his prior convictions received zero criminal-history points, his "lengthy disciplinary history" while incarcerated, his committing theft from a person while an escapee, his use of marihuana, and his leading police on a nearly 17-mile chase before being apprehended. The court ruled: "a sentence of 60 months is necessary to protect the public from further crimes, to afford adequate deterren[ce], to reflect the seriousness of this offense, and to promote respect for the rule of law".

Cunningham asserts the court "gave significant weight to an improper factor: the defendant's prior sentence reduction", in varying upward from the PSR's recommended Guidelines range. In support of this assertion, he references the district court's statement: "The only reason the Defendant was at the halfway house at this particular time is because he had been given a sentencing reduction and he has obviously not taken advantage of this benefit".

The district court relied on appropriate § 3553(a) factors in determining an upward variance was warranted. The court's reasoning, including the sentence-reduction referenced by Cunningham, properly addressed Cunningham's history and characteristics, as well as the need to deter him from future criminal conduct, reflect the seriousness of the offense, protect the public, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a). The court did not give significant weight to an improper factor simply by stating Cunningham did not take advantage of the reduction in his sentence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (allowing a district court's finding that a defendant had not "learned [his] lesson" to support the reasonableness of an above-Guidelines departure (alteration in original)). The district court did not abuse its discretion in

4

No. 18-11621

determining that the 18 U.S.C. § 3553(a) factors, on the whole, warrant and justify the extent of the upward variance imposed.

AFFIRMED.