# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 20-20429
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE EXEQUIEL HENRIQUEZ-GOMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-703-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Jose Exequiel Henriquez-Gomez challenges his 48-month sentence of imprisonment following his guilty plea conviction for being an alien, illegally or unlawfully in the United States, in possession of a firearm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20429

Because Henriquez-Gomez "advocate[d] for a sentence shorter than the one ultimately imposed," he preserved his challenge to the substantive reasonableness of the sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Accordingly, we review for abuse of discretion. *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010).

The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court properly considered Henriquez-Gomez's uncharged conduct under U.S.S.G. § 5K2.21 and as a basis for an upward variance. *United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007); *United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012) (per curiam). Despite Henriquez-Gomez's arguments otherwise, the court made no suggestion that it was considering any perceived benefit from Henriquez-Gomez's decision to plead guilty to the firearms charge rather than to an illegal reentry offense. The court considered the parties' arguments, Henriquez-Gomez's allocution, his criminal history, and the nature and circumstances of his offense. Under the totality of the circumstances, the sentence is not unreasonable. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.