# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 21-10908
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEVON ARTHUR WHITE, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-85-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Devon Arthur White, Jr., appeals his 60-month sentence of imprisonment imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). He contends that his above-guidelines sentence was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10908

substantively unreasonable because the district court failed to adequately consider the circumstances surrounding the offense and White's family relationships and obligations.

In this case, the district court relied on appropriate 18 U.S.C. § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed White's history and characteristics and the needs to deter White from future criminal conduct and to protect the public. *See* § 3553(a); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The district court was "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). White contends that the variance imposed—14 months above the top of the guidelines range—was excessive. However, the variance imposed is similar to those considered reasonable in similar cases. *See, e.g.*, *United States v. Smith*, 440 F.3d 704, 706, 708-10 (5th Cir. 2006).

Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors; therefore, we defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance and justify the extent of the upward variance imposed. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012); *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

AFFIRMED.

2