# United States Court of Appeals for the Fifth Circuit

---

No. 22-20303
Summary Calendar

---

United States of America,

Plaintiff—Appellee,

versus

Monte Drayton,

Defendant—Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-594-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Monte Drayton appeals the 30-month term of imprisonment imposed following his guilty plea convictions for one count of stealing or reproducing keys or locks and one count of theft or receipt of stolen mail matter. He challenges only the substantive reasonableness of his sentence, arguing that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

Our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

The district court made an individualized assessment and concluded that the 12-to-18-month guidelines range did not adequately take into account the § 3553(a) factors. Although Drayton asserts that too much weight was given to his criminal history, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). Drayton's arguments amount to a disagreement with the district court's weighing of the sentencing factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Although Drayton's 30-month term of imprisonment is 12 months greater than the top of the guidelines range, we have upheld much greater variances. *See*, *e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Based on the totality of the circumstances, including the significant deference that is given to the district court's consideration of the

No. 22-20303

§ 3553(a) factors, Drayton's sentence is not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.