# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10436
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR MANUEL VALDEZ-PARDO,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-384-1

———————————————————————

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:[*]

Victor Manuel Valdez-Pardo appeals the 20-month above-guidelines term of imprisonment imposed following his guilty plea conviction for illegal reentry. He challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

The district court made an individualized assessment and concluded that the applicable guidelines range did not adequately take into account the § 3553(a) factors. Although Valdez-Pardo asserts that the district court gave too much weight to his criminal history, which included numerous unscored convictions, "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). Valdez-Pardo's arguments amount to a disagreement with the district court's weighing of the sentencing factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Although Valdez-Pardo's 20-month term of imprisonment is six months greater than the top of the guidelines range, we have upheld much greater variances. *See, e.g.*, *United States v. Fraga*, 704 F.3d 437, 441 (5th Cir. 2013); *United States v. Smith*, 440 F.3d 708, 710 (5th Cir. 2006). Based on the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, Valdez-Pardo's sentence is not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

No. 23-10436

The judgment of the district court is AFFIRMED.