# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2024

Lyle W. Cayce
Clerk

No. 23-60271
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Shredewrick Davon Anderson, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CR-99-1

_____

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Shredewrick Davon Anderson, Jr. appeals the imposition of his above-guidelines sentence. Because the sentence is not substantively unreasonable, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60271

I.

On March 24, 2022, Jackson Police Department officers were on patrol when they noticed a vehicle's windows were too darkly tinted. The officers stopped the vehicle and asked the driver and passengers to identify themselves, including Anderson, the defendant in this case. The officers then observed a Glock 23 .40 caliber pistol under passenger Anderson's feet. Anderson was removed from the vehicle and advised of his *Miranda* rights. He then acknowledged that he was a convicted felon and was arrested.

A grand jury returned a single-count indictment charging Anderson with illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Anderson subsequently pled guilty pursuant to a plea agreement that reserved Anderson's right to appeal his sentence. The district court then ordered a presentence investigation and report.

The presentence report ("PSR") calculated Anderson's imprisonment range based on the United States Sentencing Guidelines in effect at the time. According to the PSR, Anderson qualified for an offense level of 12 and a criminal history category of V, which suggested an imprisonment range of 27–33 months. Anderson filed no written objections to the PSR.

Anderson was sentenced in April 2023. At the sentencing hearing, Anderson asked the district judge to apply an amendment to the sentencing guidelines that was set to take effect in November 2023 ("Amendment 821"),[1] which would have lowered Anderson's range of imprisonment to 21–

---

[1] In relevant part, Amendment 821 modified U.S.S.G. § 4A1.1 to provide that where a defendant has seven or more criminal history points, only one point should be added if the instance offense was committed while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Based on the calculations, Anderson would have received a

No. 23-60271

27 months.  The district judge denied Anderson's request.  Instead, after considering the factors listed in 18 U.S.C. § 3553(a), the district judge imposed an above-guidelines sentence of 60 months imprisonment.  Anderson appeals this sentence.

## II.

On appeal, Anderson contends that his sentence is substantively unreasonable for two reasons: first, the district court incorrectly applied an upward variance rather than sentencing him according to the sentencing guidelines provisions, and second, the district court erred by not applying Amendment 821.

We turn first to Anderson's contention that the district court erred by applying an upward variance to his sentence.  Because Anderson requested a lesser sentence in the district court, he preserved his substantive reasonableness challenge, and we will therefore review for an abuse of discretion.  *See Holguin-Hernandez v. United States*, 140 S.Ct. 762, 766–67 (2020).  Our review of a sentence for substantive reasonableness is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the [18 U.S.C.] § 3553(a) factors with respect to a particular defendant."  *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted).  A sentence is substantively

--------

lower score if sentenced based on Amendment 821.  This amendment, however, only became effective after Anderson was sentenced.  The United States Sentencing Commission has since permitted Amendment 821 to be applied retroactively.  Thus, inmates who are currently serving prison sentences affected by this amendment are eligible to apply for resentencing under the new guideline range.  United States Sentencing Commission Office of Public Affairs, *Materials Related to the 2023 Criminal History Amendment*, United States Sentencing Commission, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment.

unreasonable if it fails to reflect the § 3553(a) factors; that is, if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.*

Anderson's contention that the district court improperly applied an upward variance is meritless because the district court correctly relied on the § 3553(a) factors to determine that an upward variance was warranted. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007) (citing 18 U.S.C. § 3553(a)). The court's reasons properly addressed Anderson's criminal history and characteristics and the needs to deter Anderson from future criminal conduct and to protect the public. To the point, nothing in the record suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. Consequently, we defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance and justify the extent of the upward variance imposed. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012); *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

We next turn to Anderson's argument that he is entitled to the benefits of Amendment 821. The district courts are routinely required to apply the guidelines in effect at the time of sentencing, absent concerns of an ex post facto violation. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). Certainly, district courts are not required to grant a variance based simply on pending amendments to the guidelines; rather, they may vary downward as a matter of discretion. *See United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). At the time Anderson was sentenced, Amendment 821 was not applicable to Anderson because Anderson was sentenced before the amendment took effect. Nevertheless, the district court heard extensive arguments regarding Amendment 821's applicability from Anderson,

No. 23-60271

the U.S. Probation Officer, and the Government.  But after considering these arguments, the district court determined that Anderson should still receive a 60-month sentence notwithstanding Amendment 821.  The district court weighed the § 3553(a) factors—Anderson's extensive criminal history, the need to deter Anderson from future criminal conduct, and the need to protect the public—to determine that an upward variance, rather than a downward variance, was proper under the circumstances.  In short, the district court did not abuse its discretion by deciding not to apply Amendment 821 when sentencing Anderson.

III.

Because Anderson has not shown that the district court committed error by sentencing him above the suggested guideline range, its judgment is, accordingly,

AFFIRMED.