# United States Court of Appeals for the Fifth Circuit

---

No. 25-60133
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOORUDDIN BHAI NASRUDDIN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CR-116-1

---

Before ELROD, *Chief Judge*, and HIGGINBOTHAM and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Nooruddin Bhai Nasruddin pleaded guilty to one count of conspiracy to commit wire fraud. The district court sentenced him to an above-Guidelines sentence of 60 months' imprisonment. Nasruddin now appeals his sentence, arguing that the district court plainly erred in applying a

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60133

Guidelines enhancement for causing "substantial financial hardship" and that his sentence is substantively unreasonable. We AFFIRM.

I

A federal grand jury returned a two-count indictment charging Nooruddin Bhai Nasruddin with one count of conspiracy to commit wire fraud and one count of wire fraud. The conspiracy involved a scheme to defraud in which co-conspirators would call victims on the phone and would persuade victims into believing that their bank accounts or social security numbers had been compromised. The caller co-conspirators would pose as federal agents and induce the victims to package cash into a box or wrapping paper and meet with pickup co-conspirators, such as Nasruddin, purporting to be federal government agents, to receive the money.

One victim of Nasruddin's conspiracy to commit wire fraud was 77 years old (Victim One). A co-conspirator induced Victim One into clearing all of Victim One's money out of Victim One's bank account, $103,743.56. Nasruddin picked up the cash from Victim One.

Nasruddin pleaded guilty to one count of conspiracy to commit wire fraud. At sentencing, the district court applied a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(iii), which applies when an offense results in "substantial financial hardship" to one or more victims. Nasruddin did not object to this enhancement. The district court calculated Nasruddin's Guidelines range to be 33 to 41 months' imprisonment. The district court sentenced Nasruddin to 60 months' imprisonment. Nasruddin challenges: (i) the district court's application of the "substantial financial hardship" enhancement and (ii) the substantive reasonableness of his sentence.

2

No. 25-60133

## II

For the first time on appeal, Nasruddin argues that the district court plainly erred by imposing the "substantial financial hardship" enhancement for Victim One. Our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Nasruddin must show: (1) an error that is (2) "clear or obvious, rather than subject to reasonable dispute" and that (3) affects his substantial rights. *Id.* When these first three requirements are satisfied, we exercise our discretion to remedy an error if it "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

United States Sentencing Guideline § 2B1.1(b)(2)(A)(iii) provides for a two-level enhancement to the offense level if the offense "resulted in substantial financial hardship to one or more victims." Substantial financial hardship is a loss that "significantly impacts the victim's resources." *United States v. Aderinoye*, 33 F.4th 751, 757 (5th Cir. 2022). "The district court may make reasonable inferences about the victims' financial circumstances and about their level of financial harm, so long as those inferences find some support in the record." *Id.* (internal quotation marks and citation omitted). Where financial loss falls in between minimal loss and devastating loss, this court relies upon the judgment of the district court. *Id.*

The Guideline has an application note, which enumerates factors to consider when determining whether a victim has suffered a substantial financial hardship:

(i) becoming insolvent;

(ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);

3

(iii) suffering substantial loss of a retirement, education, or other savings or investment fund;

(iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;

(v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and

(vi) suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. § 2B1.1(b)(2) cmt. 4(F).

In *United States v. Aderinoye*, we upheld a finding of substantial financial hardship as to a corporate victim. There, the business submitted an impact statement asserting that the business was "not able to pay some of [its] vendors and it was difficult to make payroll." 33 F.4th at 757. We noted that this constituted "temporary insolvency" which is one of the factors indicative of a substantial financial hardship. *Id.*

Here, the facts adopted by the district court support a reasonable inference that Victim One suffered a substantial financial hardship. Victim One lost all of her money from her Bank of America account and additional money from a Wells Fargo account—totaling $103,743.56. Victim One also sought medical treatment for pain and suffering. "[S]ubstantial loss" of a savings fund supports an inference of substantial financial hardship, and here Victim One suffered *total* loss of at least one account. *See United States v. Alfaro*, 30 F.4th 514, 522 (5th Cir. 2022) (upholding objected-to finding that at least five victims suffered financial hardship where victim impact statements showed that over five victims "met at least one of the enumerated factors set forth in § 2B1.1's commentary").

Because the district court's determination as to Victim One's financial circumstances and level of financial harm has support in the record, Nasruddin is unable to show plain error. *See Aderinoye*, 33 F.4th at 754, 757.

## III

Next, Nasruddin renews his challenge to the substantive reasonableness of his above-Guidelines sentence. Because Nasruddin objected to the reasonableness of his sentence in the district court, we review for abuse of discretion. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

Nasruddin argues that the district court imposed a substantively unreasonable sentence by giving significant weight to a factor already encompassed by the Guidelines, the age of his two victims (77 years old and 80 years old). We disagree. The district court applied a two-level enhancement for targeting vulnerable victims under U.S.S.G. § 3A1.1(b)(1) because the victims were elderly. But the district court was free to "rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the 18 U.S.C. § 3553(a) factors, the extent of the variance, and the district court's reasons for its sentencing decision, Nasruddin's 60-month sentence is not substantively unreasonable. *See Diehl*, 775 F.3d at 724; *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).

AFFIRMED.